UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

CASE NO.  EDCV 08-00868 SGL (AJW)                                 D A T E :  A u g u s t  2 7 ,  2 0 0 8

**TITLE: Billy H. Wallace v. San Bernardino County Sheriff's Dep't, et al.**
==================================================
**PRESENT:     HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE**

       **Ysela Benavides**
       **Deputy Clerk**               **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**
     **None**                                     **None**

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL AND MARSHAL SERVICE**

Plaintiff, a state prisoner proceeding pro se, has filed a request for appointment of counsel.

"The district court 'may request an attorney to represent any person unable to afford counsel.'" Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004)(quoting 28 U.S.C. § 1915(e)(1)), cert. denied, 545 U.S. 1128 (2005).  The decision to appoint counsel "is within the sound discretion of the trial court and is granted only in exceptional circumstances." Agyeman, 390 F.3d at 1103.  A finding of exceptional circumstances depends on such factors as the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his claims considering the complexity of the legal issues involved.  Agyeman, 390 F.3d at 1103;  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

An order directing service of process by the United States Marshal has been issued, but no defendant has been served with the summons and complaint or has entered an appearance. At this stage of the case, it is too early to evaluate plaintiff's likelihood of success on the merits and his ability to articulate his claims.  Accordingly, plaintiff's motion for appointment of counsel is **denied**.

**IT IS SO ORDERED.**

cc:    Parties
MINUTES   FORM   11                                              Initials  of  Deputy  Clerk_____
CIVIL-GEN